UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>RUI LI | Case No. 2:25-CR-136-GSL-JEM |

**OPINION AND ORDER**

This matter is before the Court on the Motion to Revoke Release Order [DE 47] filed by the United States of America, on September 4, 2026. Defendant, Rui Li, responded [DE 49] on September 11, 2026, and the Government filed a reply [DE 50] on September 16, 2026. A hearing was held on this Motion on October 8, 2026. [DE 56]. For the reasons set forth below, the Court **DENIES** the Motion [DE 47].

**BACKGROUND**

On November 19, 2025, Li, along with his co-defendant, Pu Wang, were charged by Indictment with several counts of bank fraud, theft of government funds, and conspiracy to commit wire fraud. [DE 1]. Li was arrested on July 8, 2026. [DE 11]. At the time of his arrest, Li, a Chinese national, had just arrived at O'Hare International Airport after spending the prior thirteen months with his wife and children in China. [DE 47 at 2].

Following his arrest, the Government moved to have Li detained pending trial. [DE 10]. A hearing on the issue of detention was held on July16, 2026, before Magistrate Judge Martin. [DE 18]. Judge Martin denied the Government's request for detention, finding that there were conditions to reasonably assure Li's appearance and the safety of the community. [*Id.*]. Conditions

of release included a $300,00.00 surety bond signed by both Li and his wife, Zhu Ning, the surrendering of his passport, and location monitoring. [DE 19-20].

About a month later, on August 24, 2026, the Government filed an Emergency Motion for Detention [DE 30], arguing that circumstances had changed such that pretrial detention was necessary. [*Id.* at 2]. Those circumstances included information that the Government obtained, from Li's attorney on August 3, 2026, that Li's wife was planning to travel to China with their children so that the children could stay with their grandparents through the pendency of Li's criminal case. [*Id.* at 2]. Li's attorney communicated to the Government that Li's wife had purchased a round-trip ticket and would return to West Lafyette. [*Id.* at 2-3]. However, on August 23, 2026, the Government received information that Li's wife and children were scheduled to fly to China on August 26, 2026, but no return flights had been booked. [*Id.* at 3]. This information prompted the Government's emergency motion.

Judge Martin set an emergency status conference for the next day and ordered Li to be present. [DE 31]. During the August 25, 2026, status conference, Judge Martin took the matter under advisement in order for Li's attorney to file a response to the Government's emergency motion. [*Id.*]. Li was ordered to be held in custody temporarily pending the outcome of the emergency motion. [*Id.*]. In a written order, Judge Martin denied the Government's emergency motion for detention finding as follows:

> This is not a case in which there is a presumption of detention under 18 U.S.C. § 3142(e), and on review of the briefing, the Court finds that the current conditions remain adequate to ensure Defendant's appearance, despite the Government's argument that Defendant's family's planned travel increases the risk of flight. The Court has considered the arguments presented and concludes that the previously-imposed conditions are sufficient to reasonably assure that Defendant will not attempt to flee and that, if he does, he will not succeed. The Court does not find it appropriate to curtail the lives of the other members of Defendant's family while he awaits

> trial. No third-party custodian was appointed in this case, nor does the Court now find that one is appropriate, so the travel of Defendant's spouse is not restricted. In particular, the Court will not prohibit Defendant and his spouse from seeking the appropriate educational experiences for their children or keep Defendant's spouse and children from interaction with extended family, even if that involves international travel. Defendant's spouse may travel with the children and stay with them overseas, with communication of those plans to the probation department.

[DE 43 at 2-3] (internal citations omitted). As a result, Li was released from custody and ordered to abide by the pretrial release conditions previously imposed. [*Id*].

The Government has now moved for the district court's review of Judge Martin's release order pursuant to 18 U.S.C. 3145. [DE 47]. The Court held a hearing on this motion on October 8, 2026, where it indicated that it would be conducting a *de novo* review of the issue of detention in this case. [DE 56]. Prior to the hearing, but after the instant motion was filed, Pretrial Services filed a revised pretrial bond report which outlined an October 2, 2026 meeting between Li and the probation officer. [Id.]. During the meeting, Li indicated that neither he nor his family had any active plans to return to China and that his minor sons are enrolled in school and daycare in Lafayette. [DE 55 at 2].

**LEGAL STANDARD**

When a magistrate judge orders a defendant released pending trial, the attorney for the Government may file a motion for revocation of the order or amendment of the conditions of release; and … [t]he motion shall be determined promptly. 18 U.S.C. 3142(a)(1).

The Seventh Circuit explains that, under 18 U.S.C. § 3145(b), district courts have the option to either hold a new hearing on the issue of detention or review the record of the proceedings before the magistrate judge. *See United States v. Torres*, 929 F.2d 291, 292 (7th Cir. 1991); *United States v. Bruma*, 2025 WL 1036543, at *1 (N.D. Ind. Apr. 8, 2025). If the district court decides to

hold a new hearing, its review is considered "*de novo* since it must make an independent determination of the proper pretrial detention or conditions for release." *Bruma*, 2025 WL 1036543, at *1. As explained above, the Court is considering the issue of detention *de novo*, meaning it will determine whether pretrial release is warranted based on the evidence and argument presently before it.

When a defendant is charged with a criminal offense, they may be released on personal recognizance, temporarily detained, or detained. 18 U.S.C. § 3142(a). Detention is appropriate where there is no condition or combination of conditions that will reasonably assure the defendant's appearance in court and the safety of the community. *Id.* § (e)(1).

The Bail Reform Act creates several evidentiary presumptions to be employed in certain cases, when determining what (if any) release conditions are appropriate. *United States v. Dominguez*, 783 F.2d 702, 706 (7th Cir. 1986). However, the evidentiary presumptions do not apply in this case, and the Government has not moved pursuant to them. Therefore, the government bears the ultimate burden of persuasion, *United States v. Wilks*, 15 F.4th 842, 846-47 (7th Cir. 2021); *Dominguez*, 783 F.2d at 706–07, and must prove either by clear and convincing evidence that the defendant, if released, presents a danger to the community or by a preponderance of the evidence that the defendant, if released, poses a risk of flight. *Portes,* 786 F.2d at 764–65. And, further, there is no condition or combination of conditions that mitigates those risks. *Id.*

In determining whether the government has met its burden, a court must weigh the following factors:

> (1) the nature and circumstances of the offense charged, including whether the offense involved a controlled substance, firearm, explosive, or destructive device;
> (2) the weight of the evidence against the defendant;
> (3) the history and characteristics of the defendant, including

> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
> (B) whether, at the time of current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, state, or local law; and
>
> (4) and the nature and seriousness of the danger to any person or to the community that would be posed by the defendant's release.

*Id.* § 3142(g).

## DISCUSSION

As stated above, the Government is not moving under either presumption. Additionally, they are moving for detention only on the premise that if not detained, Li poses a risk of flight. Therefore, the burden is on the Government to show, by a preponderance of the evidence, that Li poses a risk of flight *and* that no condition or combination of conditions will reasonably assure his appearance in this Court. 18 U.S.C. § 3142(f)(2)(B); *Portes,* 786 F.2d at 764–65.

*Nature and Circumstances of the Offense*

The first factor a court must consider is the nature of the offense that a defendant is charged with committing, including whether it is a crime of violence. *See* 18 U.S.C. § 3142(g)(1). Li is charged with conspiracy to commit wire fraud, bank fraud, and theft of government funds. [DE 1]. In relation to these charges, Li and his co-defendant Pu Wang allegedly defrauded the National Science Foundation by submitting numerous false documents and applications in order to obtain federal grant money in an amount greater than $1 million. [DE 47 at 1].

The charges described above are not considered crimes of violence. 18 U.S.C. § 3142(g)(1). Therefore, to the extent that this factor is germane to this case, it militates against detention.

*Weight of the Evidence*

The Government has not presented any documentary or physical evidence supporting the charges directly to the Court, however they have proffered that the evidence they have obtained will show that Li and co-defendant Pu Wang conspired to commit wire fraud against the National Science Foundation by intentionally lying throughout the grant process. [DE 36 at 6]. Some of the alleged falsehoods include that beginning in 2018, and continuing for several years, Li completed applications and other materials in order to obtain grant funds using falsified information. [*Id*. at 7]. Additionally, as part of qualifying for the grants, applicants must complete a certain amount of work in the United States. [*Id*.]. The Government maintains that the evidence will show that the Li was certifying the completion of his work in the United States when he as actually out of the country. [*Id*.].

While understanding that a "pretrial detention decision may incorporate some consideration of the accused's guilt, a pretrial detention decision should not effectively prejudge the merits." *United States v. Lewis*, 2023 WL 4351244, at *1 (7th Cir. 2023). Here, the weight of the proffered evidence appears strong.

*History and Characteristics*

This factor requires the Court to assess a defendant's character, physical and mental condition, family ties, employment, financial resources, criminal history, community ties, and more. It also instructs the Court to consider whether, at the time of the current offense or arrest, the defendant was on probation, parole, or other release pending trial. 18 U.S.C. § 3142(g)(3).

Li is a 40-year-old male, who was born in China but came to the United States in 2011 on a student visa. [DE 55 at 2]. Li has maintained his current residence in West Lafayette, Indiana since 2015, and obtained his permanent resident card in 2022. [*Id*.]. He obtained his PhD in

biomedical engineering from Purdue University in 2017 and is currently employed as the Vice President of Technology at Vibronix, which has locations in West Lafayette and Suzhou, China. [*Id.*]. Li has worked there for nine years, however since his arrest, he has not been actively working there but is still receiving a monthly income. [*Id.*]. Prior to his arrest, he had occasional work-related travel between China and the United States. [*Id.*].

Li married his wife, Zhu Ning, in 2016. [DE 55 at 2]. Ms. Ning is also a native of China but is a permanent resident of the United States. [*Id.*]. The pair have two minor children who are presently enrolled in daycare and elementary school in Lafayette. [*Id.*]. Li reports to be in good physical health and has not had a history of mental health or substance use issues. [*Id.*]. He has an estimated net worth of $700,000.00 with a monthly cash flow of just under $4,000.00. [*Id.*]. Finally, Li has no prior criminal history. [*Id.*].

The Government's entire argument for detention is based on Li's history and characteristics, as his prior ties and travels to China, as well as the lack of extradition treaty between China and the United States, support the notion that he is a flight risk and therefore should be detained. The Court first notes that the Government's motion for the district court's review came only after Judge Martin denied their emergency motion for detention, not their original motion. The basis for the emergency motion, as discussed above, was that the Government had learned, through Li's attorney, that Li's wife was planning to travel to China to drop the minor children off with their grandparents and then return to the United States for the pendency of this case. [DE 47]. The Government's argument was that if Li's family relocated to China, he will no longer have any ties to this community, an important consideration under § 3142(g). [*Id.*]. However, this trip never happened and Li, through his attorney, represents that it will not happen as the children and Ms. Ning are staying in West Lafayette until this case concludes. [DE 55].

Despite this, the Government still argues that Li is a flight risk based on the fact that he has the financial means to travel to China, has done so in the past, and he has family as well as business ties there. The Government also argues that the lack of extradition treaty between China and the United States strongly supports Li's risk of flight.

The Court disagrees. Li has resided in the United States either on a student visa or as a permeant resident since 2011. [DE 55]. He has a wife, who is a permanent resident here, and two minor children that live and are enrolled in school here. [*Id.*]. Li has never missed a court date and no longer possesses a passport. [*Id.*]. While Li's family ties are certainly a relevant consideration, they have represented through Li's attorney, an officer of the court, that they have no intention of leaving the United States as these proceedings are ongoing. Accordingly, the Court finds that the Government did not meet its burden in proving that Li is a flight risk.

## CONCLUSION

The Court hereby **DENIES** the Government Motion for Revocation of Release Order [DE 47]. Li will remain released pending trial under the conditions of supervised release previously imposed by Judge Martin. *See* [DE 20].

SO ORDERED.

ENTERED: November 4, 2026

/s/ GRETCHEN S. LUND
Judge
United States District Court